[Civil No. 2663.  Filed February 13, 1928.]

[264 Pac. 100.]

# THOMAS A. SCHUSTER, Appellant, v. LOUISE A. SCHUSTER, Appellee.

Mr. J. C. Niles and Mr. John W. Ray, for Appellant.

Mr. Frank Dykes and Messrs. Flanigan & Fields, for Appellee.

LOCKWOOD, J.—Thomas A. Schuster, hereinafter called plaintiff, and Louise A. Schuster, hereinafter called defendant, were married on May 30th, 1918. Prior to their marriage plaintiff had acquired title to a considerable amount of realty, situated in Maricopa county, Arizona, and among which was the property involved in this action. On the eighth day of April, 1922, defendant obtained a decree of separate maintenance in the superior court of Maricopa county for herself and minor child, in the sum of fifty dollars per month, together with the use of a certain house and the appurtenances thereof. On the sixth day of November, 1925, the judgment was modified by allowing defendant the sum of sixty dollars per month, and on the tenth day of May, 1926, the judgment was further modified by the following language:

"And said judgment and decree as so modified hereby is further modified, so as to be and the same hereby is adjudged to be a lien upon all the separate property of the defendant, Thomas A. Schuster, situated in Maricopa county, in the state of Arizona."

Thereafter plaintiff brought this action to quiet title to certain realty in Maricopa county. The complaint is in the usual form for such actions, alleging that the plaintiff is the owner of the property involved in fee simple as his sole and separate property; that defendant asserts an interest thereto adverse to the plaintiff, and praying that the title to said premises be quieted in him. Defendant answered, setting up in substance that she did claim an interest therein for the reasons, first, that the premises were improved by community funds after the marriage of plaintiff and defendant, and, second, that she has a lien on said premises by virtue of the judgment hereinbefore referred to. The case was tried to the court sitting without a jury, and a

judgment entered in favor of defendant that the complaint be dismissed and plaintiff take nothing thereby, and for attorney's fees. After the usual motion for new trial was made and overruled, plaintiff appealed to this court.

It was admitted by defendant's counsel in open court that that portion of the judgment allowing an attorney's fee to defendant was erroneous, and must be stricken, but it is most strenuously contended by plaintiff that neither the facts nor the law support the judgment in defendant's favor on the merits.

There are two questions of law involved: First, had the property become community in its nature by reason of community funds having been expended thereon? and, second, did defendant acquire any lien thereon by virtue of the judgment above quoted? There are no findings of fact, so we cannot determine on what ground the trial court based its judgment, but we think it is unnecessary to discuss the first question, as the last is decisive of the action. Paragraph 3883, Revised Statutes of Arizona of 1913, Civil Code, referring to judgments in actions for separate maintenance, reads as follows:

"3883. The judgment in any such action shall provide for the payment by the husband to the wife in one sum, or from time to time, such amount as may be necessary for the support of the wife or the wife and minor children, *and such amount may be ad-judged to be a lien upon any separate property of the defendant,* and may be enforced by execution as other judgments." (Italics ours.)

It is clear by virtue of this provision that the trial court had the right which it exercised of making the judgment for payment of maintenance a lien upon all of the separate property of plaintiff. If such be the case, then defendant did have a decided interest in the property such as would defeat a suit to quiet title on behalf of plaintiff, and the court properly rendered judgment that the action be dismissed. It

was urged most strenuously on oral argument that the effect of such a judgment is to tie up all of plaintiff's property so that he cannot dispose of it or handle it in any manner, and that such encumbrance may continue indefinitely. It is doubtless true that such may be the effect of the judgment.

We cannot, however, consider mere hardship as an excuse for a decision on our part contrary to the plain language of the statute. The legislature gave to the trial judge the authority to encumber any or all of the separate property of plaintiff in the manner in which it was done. Plaintiff urges in his argument that at least the encumbrance should be made definite so that he may, if possible, raise the amount fixed by the court and release the property, and suggests the monthly allowance might be commuted by us on the basis of life expectancy. The answer to this is that under the statute the allowance for separate maintenance may be changed by the trial judge from time to time. It may be lowered, or it may be raised, and we cannot say what lump sum would be sufficient to commute the value of a monthly judgment which may be altered at any time. The lien and its extent reposes in the sound discretion of the trial judge, and we cannot say on the record before us that such discretion was abused. Plaintiff's remedy is not by an action to quiet title, but by motion in the trial court to again modify the judgment in the action for maintenance.

The judgment is modified by striking therefrom the allowance of an attorney's fee, and, as so modified, is affirmed.

ROSS, C. J., and McALISTER, J., concur.